FEDERAL DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| BRIAN PERRY and KIM PERRY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EQUITY RESIDENTIAL MANAGEMENT LLC, <br><br> Defendant | JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

**I.   INTRODUCTION**

1.     Plaintiffs Brian and Kim Perry bring this Class Action Complaint against Equity Residential Management LLC ("Equity") on their own behalf and on behalf of all others similarly situated.  Plaintiffs seek damages and relief stemming from Equity's unlawful practice of improperly charging tenants a required, up-front "move-in fee," which violates the state Security Deposit Statute (Mass G. L. c. 186 §15B) and Mass. G. L. c. 93A.

**II.   PARTIES**

2.     Plaintiffs Brian and Kim Perry are individuals who reside at Equity Longview Place in Waltham, Massachusetts.

3.     Defendant Equity Residential Management LLC is a foreign limited liability company organized to do business in Delaware, with a principal office in Illinois.  It manages approximately 27 residential apartment complexes in Massachusetts; is the "lessor" on the

Perrys' lease, as well as leases for other Equity-managed buildings in Massachusetts; and signs the leases as the "Lessor . . . as agent for the Owner."

## III.   JURISDICTION AND VENUE

4.  This court has diversity jurisdiction over the Defendant because it is incorporated out of state.

5.  Venue lies here because Equity manages multiple rental properties in Massachusetts and acts as the lessor on the leases with all tenants.

## IV.   FACTS

### A.   THE MASSACHUSETTS SECURITY DEPOSIT STATUTE

6.  The Massachusetts Security Deposit statute, c. 186 §15B, unambiguously states:

(b) At or prior to the commencement of any tenancy, no lessor may require a tenant or prospective tenant to pay any amount in excess of the following:

   (i) rent for the first full month of occupancy; and,

   (ii) rent for the last full month of occupancy calculated at the same rate as the first month; and,

   (iii) a security deposit equal to the first month's rent provided that such security deposit is deposited as required by subsection (3) and that the tenant is given the statement of condition as required by subsection (2); and,

   (iv) the purchase and installation cost for a key and lock.

7.  A lessor cannot require tenants to pay any additional amounts of money for any extra items or services beyond the specific, above-enumerated four items.

8.  The Attorney General has similarly promulgated administrative regulations which

expressly prohibit a landlord/lessor from charging amounts in addition to these four permissible charges. See 940 C.M.R. §3.17(4)(a). Any additional payments required by a landlord/lessor are considered an unlawful and/or deceptive business practice proscribed by chapter 93A, the Massachusetts Consumer Protection Act. *See id.*

  **B.**  **E**QUITY'S **U**NLAWFUL **"M**OVE-IN **F**EE**"**

  9.  Upon information and belief, Equity has, for many years, charged Massachusetts tenants a so-called "move-in fee" of between $99 and $400 or more.

  10.  The fee is required to be paid at, or prior to, the commencement of a new tenancy at Equity rental properties in Massachusetts.

  11.  The fee is not optional.

  12.  The fee is not used to offset first month's rent.

  13.  The fee is not used to offset last month's rent.

  14.  Upon information and belief, the fee is booked as revenue and is not held in an interest-bearing account for the benefit of the tenant.

  15.  The fee is non-refundable at the termination of the tenancy.

  16.  If there is any damage to the tenant's unit, which is or may be attributable to the tenant at the termination of the tenancy, Equity separately bills the tenant for the repairs.

  17.  The fee is not used to offset the cost of any damage attributable to the tenant.

  18.  The fee is not used to replace and/or install a lock and key.

  19.  Upon information and belief, Defendant Equity Residential Management LLC is the entity that manages all of the Equity apartment complexes in Massachusetts. Furthermore, Equity Residential Management LLC is the entity that acts as the "lessor" on all leases with Massachusetts tenants, including the Perrys.

20. The Massachusetts leases provide that Equity Residential Management LLC is the "lessor," and Equity signs the leases as the "agent" of the owner.

21. Upon information and belief, Equity Residential Management LLC is responsible for the decision to charge tenants in Massachusetts an up-front, mandatory, move-in fee.

C. **SPECIFIC FACTS RELEVANT TO THE PERRYS**

22. The Perrys have lived at Equity Longview since December 2011.

23. In or about late-December 2011, the Perrys were required to pay a $350 "move-in fee," reduced to $99.00, at the commencement of their tenancy.

24. The "move-in fee" charged to the Perrys was not used to offset first month's use and occupancy.

25. The "move-in fee" charged to the Perrys was not used to offset last month's use and occupancy.

26. The "move-in fee" charged to the Perrys is not being kept in a separate, interest-bearing account.

27. The "move-in fee" charged to the Perrys was not used to replace and/or install a lock and key.

28. On February 23, 2012, Mr. Perry made demand upon Equity pursuant to M.G.L. c. 93A on behalf of himself and all similarly situated individuals, including seeking injunctive relief.

29. To date, Equity has failed to respond with a reasonable offer of settlement that would adequately compensate the Perrys and all similarly situated individuals on a class-wide basis.

## V.     FACTUAL BASIS FOR CLASS CERTIFICATION

30.     The class is composed of people who have lived at all Equity Residential apartments in Massachusetts from 2008 until present, and who have paid a move-in fee starting on May 1, 2008 and up until today.

31.     Based on the typical turnover in the apartment building industry, coupled with the number of units managed by Equity in Massachusetts, the prospective class numbers in the tens of thousands, making joinder of all members impractical.

32.     The exact size of the proposed class and the identity of the class members will be readily ascertainable from Equity's business records.

33.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  The principal common issues with respect to the class are whether Equity's charging of the move-in fee violated the Security Deposit statute and Chapter 93A.

34.     There are no difficulties likely to be encountered by the Court in the management of this proposed class action. There are no individual questions, other than those that can be determined by ministerial inspection of Equity's records, and the issues of liability are determinable entirely from the face of the operative documents.

35.     The Perrys' class claims are typical of those of the class they seek to represent, and they will fairly and adequately protect and represent the interests of the class. There is no conflict between the Perrys' claims as class representative and the claims of the proposed class.

36.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be

relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. In addition, it is likely that most class members are unaware that they have claims.

37. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against Equity.

38. The Perrys are represented by counsel who is competent and experienced in both consumer protection and class action litigation.

## VI. CAUSES OF ACTION

### COUNT I
Violations of G. L. c. 186 § 15(b)
The Massachusetts Security Deposit Statute

39. Plaintiffs incorporate the allegations in paragraphs 1 through 40 by reference.

40. Equity's charging of a required "move-in fee" violates Mass G. L. c. 186 § 15(b), the Security Deposit Statute.

41. The move-in fee is not held in escrow for the benefit of the tenant; it does not accrue interest; it is non-refundable at the end of the tenancy; it is not used to offset first or last month's rent; it does not appear to be considered a security deposit (since it is non-refundable and not kept in an interest-bearing account); and it does not defray costs to replace the lock and key.

42. Plaintiffs and the members of the class have been injured by Equity's failure to abide by the Security Deposit Statute.

## COUNT II
Violations of G. L. c. 93A § 2
Unfair and Deceptive Business Practices

43. Plaintiffs incorporate the allegations in paragraphs 1 through 44 by reference.

44. By engaging in the conduct complained of, Equity engaged in and continues to engage in unfair and deceptive acts and practices, in violation of M.G.L. c. 93A.

45. Equity's unfair and deceptive practices include, without limitation, the charging and collecting of a move-in fee in violation of G. L. c. 186 § 15(b), which is an unambiguous statute.

46. Equity performed the actions described herein willfully and knowingly, or with reckless disregard of applicable law, all within the meaning of G.L. c. 93A § 9.

47. In February 2012, Plaintiffs made a written demand for compensation on behalf of the putative class. Equity declined to tender a reasonable settlement offer.

## COUNT III
Unjust Enrichment

48. Plaintiffs incorporate the allegations in paragraphs 1 through 49 by reference.

49. Equity has been and continues to be unjustly enriched by retaining all of the move-in fees and thereby depriving those who paid the fees of those monies.

## COUNT IV
Declaratory Judgment

50. Plaintiffs incorporate the allegations in paragraphs 1 through 51 by reference.

51. An actual controversy has arisen regarding Equity's compliance with G. L. c. 186 § 15(b).

52. Pursuant to M.G.L. c. 231A, § 1, the Perrys and the class members seek a declaration that Equity's conduct violates the Security Deposit Statute as alleged in Count I and violates c. 93A, as alleged in Count II.

### COUNT V
Injunctive Relief

53. Plaintiffs incorporate the allegations in paragraphs 1 through 52 by reference.

54. Plaintiffs seek injunctive relief compelling Equity Residential to cease and desist from charging a required, up-front "move-in" fee to tenants in Massachusetts.

**VII. PRAYERS FOR RELIEF**

WHEREFORE, the Perrys respectfully pray for relief as follows:

A. For an order certifying this case as a class action;

B. For judgment in an amount to be proven at trial, trebled for Equity's willful violation of c. 93A;

C. For a declaration that Equity's conduct as outlined above violates c. 186 § 15B and c. 93A, and that class members are entitled to a refund of their move-in fee payment, plus interest;

D. For an award of attorney's fees, costs and expenses pursuant to c. 93A, § 9;

E. For pre-judgment interest to the extent permitted by law; and

F. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

The Perrys demand a trial by jury of all issues so triable.

Respectfully submitted,

BRIAN AND KIM PERRY,

By their Attorney,

_/s/ Matt Fogelman_____
Matthew J. Fogelman (BBO # 653916)
FOGELMAN & FOGELMAN LLC
100 Wells Avenue
Newton, MA 02459
(617) 559-1530
mjf@fogelmanlawfirm.com

Dated: May 1, 2012