UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHERYL MILLER, on behalf of herself and all other similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>EQUITY RESIDENTIAL MANAGEMENT, L.L.C.,<br><br>      Defendant. | Civil Action No. 1:12-cv-10779-RWZ<br><br>[Originally filed as Civil Action No. 1:12-cv-10836-RWZ, but consolidated with No. 1:12-cv-10779-RWZ on 10/31/2012] |

**ANSWER AND AFFIRMATIVE DEFENSES OF EQUITY RESIDENTIAL MANAGEMENT, L.L.C. TO COMPLAINT OF PLAINTIFF CHERYL MILLER**

Defendant Equity Residential Management, L.L.C. ("ERM") hereby answers the allegations set forth in the correspondingly numbered paragraphs of the Class Action Complaint of Plaintiff Cheryl Miller (ECF No. 1, Case No. 1:12-cv-10836-RWZ) in the above-captioned action.

## I. SUMMARY OF THE ACTION

1. No response is required to Plaintiff's conclusory "summary" allegations; to the extent a response is required, the allegations are denied.

## II. THE PARTIES

1. ERM admits that Plaintiff is a tenant at 10 Emerson Place, Apartment 18B, Boston, Massachusetts. ERM is without knowledge sufficient to form a belief as to where Plaintiff "resides."[1]

2. ERM admits that it is a Delaware limited liability company with a principal place of business in Chicago, Illinois and a regional office in Wellesley, Massachusetts. ERM admits that

---

[1] ERM notes that the first two paragraphs of Plaintiff's Complaint are both numbered "1". ERM has mirrored this numbering scheme in its Answer.

it is identified as "agent for owner of the Community" on Plaintiff's lease. All remaining allegations in Paragraph 2 of Plaintiff's Complaint are denied.

### III.  JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of Plaintiff's Complaint state legal conclusions to which no response is required, and are otherwise denied.

4. Same answer as for Paragraph 3 above.

5. Same answer as for Paragraph 3 above.

### IV.  FACTUAL ALLEGATIONS

6. ERM admits that it is identified as "agent for owner of the Community" on Plaintiff's lease. ERM admits that the owner of the Community for purposes of Plaintiff's lease is ERP Operating Limited Partnership. All remaining allegations in Paragraph 6 of Plaintiff's Complaint are denied.

7. ERM admits that it charged Plaintiff a one-time, non-refundable move-in fee prior to the commencement of her tenancy. All remaining allegations in Paragraph 7 of Plaintiff's Complaint are denied.

8. Same answer as for Paragraph 7 above.

9. Same answer as for Paragraph 7 above.

10. Same answer as for Paragraph 7 above.

11. Same answer as for Paragraph 7 above.

12. Denied.

13. The allegations in Paragraph 13 of Plaintiff's Complaint state legal conclusions to which no response is required. ERM specifically denies, however, that its actions have violated G.L. c. 186, § 15B.

14. Same answer as for Paragraph 13 above.

15. Same answer as for Paragraph 13 above.

16. Same answer as for Paragraph 7 above.

17. Same answer as for Paragraph 13 above.

18. Same answer as for Paragraph 13 above.

19. Admitted only with respect to the move-in fee charged to Plaintiff. All remaining allegations in Paragraph 19 of Plaintiff's Complaint are denied.

20. Admitted.

21. ERM admits that it charged Plaintiff a one-time, non-refundable fee move-in fee on or about May 2010, and that Plaintiff paid the fee. All remaining allegations in Paragraph 21 of Plaintiff's Complaint are denied.

22. Same answer as for Paragraph 21 above.

23. Admitted only with respect to the move-in fee charged to Plaintiff. All remaining allegations in Paragraph 23 of Plaintiff's Complaint are denied.

24. Admitted only with respect to the move-in fee charged to Plaintiff. All remaining allegations in Paragraph 24 of Plaintiff's Complaint are denied.

### V.   CLASS ACTION ALLEGATIONS

25. The allegations in Paragraph 25 of Plaintiff's Complaint state legal conclusions to which no response is required, and are otherwise denied. ERM specifically denies that its actions have violated G.L. c. 186, § 15B, or that Plaintiff's claims are entitled to class treatment.

26. Same answer as for Paragraph 25 above.

27. Same answer as for Paragraph 25 above.

28. Same answer as for Paragraph 25 above.

29. Same answer as for Paragraph 25 above.

30. Same answer as for Paragraph 25 above.

31. Same answer as for Paragraph 25 above.

32. Same answer as for Paragraph 25 above.

## VI. CLAIMS FOR RELIEF

### COUNT I
### (Unjust Enrichment)

33. ERM incorporates by reference, as if fully set forth herein, the contents of paragraphs 1 through 32.

34. Denied.

35. Denied.

36. Denied.

### COUNT II
### (Violation of c. 186 § 15B)

37. ERM incorporates by reference, as if fully set forth herein, the contents of paragraphs 1 through 36.

38. Denied.

39. ERM admits that the move-in fee charged to Plaintiff was not a security deposit; was not a deposit for first month's rent or last month's rent; and was not a charge or reimbursement for the purchase and installation of a key and lock. All remaining allegations in Paragraph 39 of Plaintiff's Complaint are denied.

40. Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel and/or waiver.

- 5 -

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her damages.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the consent and voluntary payment of Plaintiff.

### Fourth Affirmative Defense

Plaintiff's recovery of damages, if any, is limited by the applicable statutory ceilings on damages.

### Fifth Affirmative Defense

No class has been certified, and thus Defendant reserves the right to assert any such other affirmative defenses as may become available if a class is certified.

WHEREFORE, ERM respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment for ERM;

3. Award ERM its attorneys' fees, costs and disbursements of suit; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

EQUITY RESIDENTIAL MANAGEMENT, L.L.C.,

By its attorneys,

/s/ Thomas H. Wintner
Craig M. White (*pro hac vice*)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Chicago, IL 60606
(312) 201-2000 (telephone)
(312) 201-2555 (fax)
cwhite@edwardswildman.com

Thomas H. Wintner (BBO # 667329)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, Massachusetts  02199
(617) 239-0100 (telephone)
(617) 227-4420 (fax)
twintner@edwardswildman.com

Dated: November 14, 2012

### CERTIFICATE OF SERVICE

I certify that the above document was filed electronically using the CM/ECF system on November 14, 2012, and thereby delivered by electronic means to all counsel of record.

/s/ Thomas H. Wintner
Thomas H. Wintner