# EXHIBIT A

17·008·12

COMMONWEALTH OF MASSACHUSETTS
NORTHEAST HOUSING COURT

---

BROAD STREET ASSOCIATES

               Plaintiff

    - v. -                                     No. 12-SP-2041

STEPHEN LEVINE

               Defendant

---

## DECISION AND ORDER

On July 1, 2010, the tenant paid the landlord a $45 application fee, and on July 7, 2010, paid a $1,000 security deposit and $1,000 first month's rent. Thereafter, the tenant paid $1,000 monthly rents and $50 per month "pet fees" under three successive Leases and two successive Pet Agreements. Disputes arose between the parties, chiefly about roof leaks and related housing defects and conditions of disrepair. The tenant withheld his rent and stopped paying the pet fees. The landlord responded by bringing this summary process case for nonpayment of rent.

1. The landlord complied with the bank deposit and receipt requirements of the Security Deposit Law, Gen.L. c.186 §15B(2)(b), (c), and (3)(a), with respect to the $1,000 security deposit.

2. The landlord did not comply with the five-percent interest requirement of the Security Deposit Law, Gen.L. c.186 §15B(3)(b). The tenant is entitled to payment of or credit for the $103.21 interest accrued on the security deposit.

3. The landlord violated the excess payments requirement of the Security Deposit Law, Gen.L. c.186 §15B(1)(b), by requiring the tenant (then a prospective tenant) to pay the $45 application fee. The tenant is entitled to return of or credit for the $45 application fee.

4. The landlord also violated the excess payments requirements of the Security Deposit Law, Gen.L. c.186 §15B(1)(b) and (d), by requiring the tenant to pay the $50 per month pet fees. The tenant is entitled to return of or credit for $500 for the ten monthly pet fees that he paid from August 1, 2010, through May 31, 2011.

3

To be sure, the amounts charged are "recurring fees" and are not "up-front deposits" of the sort found actionable under the Security Deposit Law, Gen.L. c.186 §15B(1)(b) and (d), in several reported cases. See, Hermida v. Archstone, 826 F.Supp.2d 380, 2011 WL 5925529 (D.Mass. 2011) ($475 "amenity use fee" for pool, gym, outdoor grill); Dolben v. Friedman, 2008 Mass.App.Div. 1, 2008 WL 81549 (N.Dst. 2008) ($35 "application [or move-in] fee"); Carter v. Seto, 2005 Mass.App.Div. 62, 2005 WL 1383337 (N.Dst. 2005) ($150 fee for garage door opener).

But the Security Deposit Law, Gen.L. c.186 §15B(1)(b) and (d), makes no distinction between up-front deposits and recurring fees, and the law plainly prohibits requiring a tenant to pay "any amount" in excess of (i) first month's rent, (ii) last month's rent, (iii) security deposit, and (iv) cost for key and lock.

If there is a pet (or even if there is not), a landlord may require that a residential tenant pay for insurance, Gardner v. Simpson Financing Ltd. Partnership, 2012 WL 1109104 (D.Mass. March 30, 2012) (liability insurance); Peterson v. Silva, 428 Mass. 751, 704 N.E.2d 1163 (1999) (fire insurance).

A landlord may also require that a tenant pay a security deposit, as did the landlord in this case. Here, the tenant paid a security deposit in the $1,000 maximum allowable amount at the inception of his tenancy on July 7, 2010.

The landlord does not characterize, or attempt to justify, the non-refundable $50 monthly recurring "pet fees" at issue in this case as "additional rent." Nor does he offer any economic or other explanation or justification for the fees. The tenant argues that the landlord's imposition of the $50 monthly recurring and non-refundable "pet fees" is simply an unfair and deceptive device that is intended to circumvent the statutory limits placed on the amounts and types of payments that a landlord may charge under the Security Deposit Law, Gen.L. c.186 §15B(1)(b) and (d).

I agree. See, Hermida v. Archstone, 826 F.Supp.2d 380, 2011 WL 5925529 (D.Mass. 2011), where the landlord's imposition of a $475 "amenity use fee" for pool, gym, and outdoor grill, although it did not exceed any of the four statutory categories of allowable charges, did not fit within any of them, and therefore violated the Security Deposit Law, Gen.L. c.186 §15B(1)(b), and the Consumer Protection Law, Gen.L. c.93A §2, and the Attorney General's Regulation promulgated thereunder, 940 C.M.R. §3.17(4). See also, Commonwealth v. Chatham Development Co., 49 Mass.App. 525, 731 N.E.2d 89 (2000), where the imposition of a $25 fee for a constable notice to quit in violation of the Security Deposit Law, Gen.L. c.186 §15B(1)(c) [and §15B(6)(c)] was both an unfair and a deceptive practice in violation of Chapter 93A.

5. The landlord's excess payments violations, Gen.L. c.186 §15B(1)(b) and (d), and failure to pay interest violations, Gen.L. c.186 §15B(3)(b), are not among the specified types of violations that give rise to treble damage liability under the Security Deposit Law, Gen.L. c.186 §15B(7).

6. The tenant is entitled to triple rent damages under the Quiet Enjoyment Law, Gen.L. c.186 §14, of $3,000 due to serious and substantial housing defects and conditions of disrepair, including long-lasting roof and ceiling water leaks, evidenced by the board of health report and order dated June 13, 2011, by the tenant's written demand for repairs dated August 19, 2011, by the landlord's letters dated August 31, 2011, September 8, 2011, September 27, 2011, November 16, 2011, and December 30, 2011, and by photographs in evidence. No greater amount would be found due under the common law implied warranty of habitability.

7. The tenant is not entitled to retaliation damages under the Retaliatory Eviction Law, Gen.L. c.186 §18.

8. The tenant is not entitled to multiple damages under the Consumer Protection Law, Gen.L. c.93A§9.

9. The landlord is entitled to two months' unpaid rent of $2,000 at $1,000 per month through July 31, 2012 (which amount the tenant represented in court on July 25, 2012, he would immediately pay).

10. In sum, the tenant is entitled to payment of or credit for $3,648.21 and for dismissal of the landlord's claim for possession. Settle the form of order or judgment on ten days' notice.

_____
David D. Kerman
Associate Justice

July 30, 2012