# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
IN RE EQUITY RESIDENTIAL AMENITY FEE  )  Case No. 1:12-cv-10779-RWZ
LITIGATION                                                          )
                                                                             )
                                                                             )
This Document Relates to:                                 )
All Actions                                                          )
_____)

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant Equity Residential Management, LLC ("ERM") badly distorts both the law

and the facts, argues extraneous points, and engages in ad-hominem attacks in its Opposition to

Plaintiffs' Cross-Motion for Summary Judgment.  Whether Plaintiff Cheryl Miller had any

problem or question with ERM's move-in fee when she paid it does not matter and is irrelevant

to the legal question this Court must decide.  Whether Plaintiffs have challenged only certain

illegal fees charged by ERM rather than challenged every, single fee that ERM charges is also of

no relevance. Whether or not ERM's conduct was "unscrupulous" or "abusive" is of no real

import (although it was) and is not at issue in this case.  **The only issue** before this Court is

whether ERM violated c. 186, § 15B (the "Act") by charging the Plaintiffs and other class

members several "fees" (not enumerated in the Act as permissible fees) as a condition to leasing

their apartments.  Plaintiffs contend that ERM did violate the Act, as a matter of law, and the

Honorable William Young has agreed.

## 1.    The Amenity Fee Found to be Illegal in *Hermida* and ERM's Move-In Fee Are Virtually Identical

ERM's argument about why their move-in fee is different from the amenity

fee found to be illegal by Judge Young is essentially that . . . Judge Young was wrong.  On this score, ERM is incorrect.

In <u>Hermida</u>, Judge Young found that Archstone's amenity fee violated the Act because the amenity fee is not one of the fees listed/enumerated in the Act.  Namely, it is not first month's rent, last month's rent, a security deposit, or a charge for a new lock and key.[1]  Judge Young was troubled by the mandatory nature of the amenity fee because Archstone did not allow tenants the ability to opt out of paying the fee.  It was required, with very rare exception.

So too for ERM's "move-in" fee.  ERM does not even dispute that the fee was mandatory (again, with rare exception, such as if someone was on Section 8 housing). It was charged to virtually every tenant and there was no ability to negotiate it or opt out.  Simply put, if someone wanted to move into an ERM apartment, she had to pay the move-in fee. ERM has stated that the move-in fee covered items like the fitness center, concierge, maintenance and freight elevator.[2]  It is literally the same fee as the <u>Hermida</u> amenity fee, albeit with a different name, much like Macintoshes and Macouns are both red apples.

ERM's does not really argue that the fees are, in any meaningful way, different.  Instead it claims that <u>Hermida</u> "did not address the fees plaintiffs challenge here" – which is not true, since the amenity and move-in fees are the same --- and it says that Judge Young was wrong.  It mainly relies on "legislative history," which is unnecessary.  And the legislative argument is on

---

[1] For some reason, ERM insists that the four fees that *are* enumerated in the Act are all "refundable monies" deposited with the landlord.  ERM Opp. Brief p. 1.  This is, of course, plainly false.  First month's rent is not a refundable deposit – it's first month's rent.  The <u>only</u> way you get first month's rent back would be not to sign the lease or take the apartment; presumably you would get a move-in fee back under those circumstances as well.  A charge for a new lock and key is certainly not "refundable monies."  It's a charge for a new lock and key.  Thus, the supposed monumental "question" proposed by ERM on page 1 of its Brief --- whether collection of money that is non-refundable is controlled by the Act --- has already been answered by the statute's language.  The answer is YES.

[2] SOF Response, Exh. 3.

Plaintiff's side anyway -- the Legislature wanted to control the charges/fees that a landlord can require a tenant to pay at or before the commencement of the leas.

## 2.    The Move-in Fee and the Community Fee Are Identical

Faced with the knowledge that the move-in fee is akin to the amenity fee, ERM attempts a clever statutory evasion, changing the name of the "move-in" fee to the "community" fee and shifting collection of the fee until after the first month. Such gamesmanship cannot be countenanced. Incredibly, ERM now states that *the Plaintiffs* have taken the "mystifying position" that the move-in fee and community fee are identical. ERM Opp. Brief p. 11. The only thing mystifying here is ERM's unabashed disingenuousness. ERM's <u>own words</u>, stated in the frankness of internal *pre-litigation* communications, undercut their new litigation position that the two fees are different. SOF Response Nos. 17, 18. ERM itself consistently referred to the community fee as being a continuation of the non-refundable move-in fee (or NRM)[3] and also as being an "amenity" fee.

- "The NRM fee will be pushed into the second month [of tenancy] We will not collect at move-in. But we will collect during the second month."[4]
- "We will be pushing the [NRM fee] collection into the second full month."[5]
- "We stopped [the NRM fee] at the end of Feb and restarted it March 28."[6]
- "We are finalizing the details that will allow us to collect an amenity/common area fee at the beginning of their second full month of residency."[7]

ERM now argues that all of the fees it collected were "simply the costs of renting an apartment and not susceptible of any unscrupulous behavior." ERM Opp. Brief p. 6. However, ERM fails to explain how a move-in or community fee is simply a "cost of renting an apartment," as opposed to a pure profit opportunity at the hands of unsuspecting tenants. And if

---

[3] ERM personnel used the initials "NRM" to refer to the non-refundable move-in fee. SOF Response P6.
[4] SOF Response, Exh. 5.
[5] SOF Response, Exh. 6.
[6] SOF Response, Exh. 7.
[7] SOF Response, Exh. 8.

there was nothing wrong with a move-in fee to begin with, then why pretend to cease charging it and change the name to "community fee" with a different collection schedule?  ERM doth protest too much.  It argues that the fees are all kosher because the "marketplace would punish landlords" who charge too much.  But that can't be.  ERM cannot be permitted to flout the law and claim that illegal acts are permissible unless and until the "marketplace" catches on and people rise up in solidarity. The legislature spoke when it outlawed all but a few up-front apartment fees, and Judge Young's application of the Act in <u>Hermida</u> leaves little doubt whether the fees in question in this case violate the Act. The "marketplace" has also spoken, via the various large apartment complexes that have either ceased charging illegal fees following <u>Hermida</u> and/or have settled similar litigation with Plaintiffs' counsel.

ERM spends a good deal of time arguing that the challenged fees were not unscrupulous or abusive, and that Plaintiffs Miller and the Perrys had no concerns with the fees when they paid them.  The simple issue is whether the fees violate the law, not whether they were unscrupulous or abusive.  This is a classic "red herring" argument.  It is also unremarkable that someone like Miller did not have a problem with paying a move-in fee when she paid it.  Like most tenants in her position, she did not know the law and could not be expected to.  ERM is correct, to an extent, when it says this case is not about scruples.  It's about ERM's multiple violations of an unambiguous law.

### 3.  <u>ERM Twists the Word "Prospective"</u>

ERM's argument that a person is not a "prospective tenant" until the applicant has qualified and received a written lease offer remains absurd.  Someone applying to live at an ERM property is, by definition, a prospective tenant.  This person has taken the proactive step of actually applying to live at an ERM property; they are not someone just plucked off the street.

4

ERM's attempt to create a new definition of the word "prospective," in order to evade the Act should be rejected.

**4.      Up-Front Pet Fees v. Monthly Pet Fee/Rent**

ERM asks why Plaintiffs have chosen to challenge certain fees (like pet fees) but not others (like parking or storage charges).  Plaintiffs' decision to include certain fees in the litigation is Plaintiffs' decision to make and is irrelevant.  The exclusion of certain fees from the lawsuit does not mean that the challenged fees are proper.[8]  The up-front pet fee, for example, violates the Act for the same reason as the amenity, move-in, and community fees.[9]

---

[8] Moreover, the parking and storage fees can be distinguished from the fees at issue here, because they are charges for specific services (i.e., providing a parking space and providing a storage space) or as monthly rental for those spaces (parking and storage).

[9] ERM distinguishes a one-time up-front pet fee versus monthly "pet rent," which is simply an increase in monthly rent charged to pet-owning tenants.  While Plaintiffs do challenge both pet charges, Plaintiffs recognize that if the monthly pet fee is truly and legitimately an increase in rent for pet-owners, it may be found not to violate the Act. Of all of the fees challenged in this case, the monthly pet fee stands alone in the sense that it is not a one-time, non-refundable, mandatory, up-front charge.

**PASTOR LAW OFFICE, LLP**

/s/ David Pastor_____
David Pastor (BBO #391000)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone:  617-742-9700
Facsimile:  617-742-9701
dpastor@pastorlawoffice.com


**FOGELMAN & FOGELMAN LLC**

/s/ Matthew J. Fogelman_____
Matthew J. Fogelman (BBO#653916)
100 Wells Avenue
Newton, MA 02459
Telephone:  617-559-1530
Facsimile:  617-505-1540
mjf@fogelmanlawfirm.com

*Plaintiffs' Interim Class Counsel*

**LEONARD LAW OFFICE**

/s/ Preston W. Leonard_____
Preston W. Leonard (BBO #680991)
139 Charles Street, Suite A121
Boston, MA 02114
Telephone: 617-329-1295
pleonard@theleonardlawoffice.com

*Plaintiffs' Counsel*

March 24, 2014

6

## **CERTIFICATE OF SERVICE**

I, Matthew J. Fogelman, hereby certify that on this 24th day of March 2014, I have caused a

copy of the foregoing to be served via ECF filing:


<u>/s/ Matthew J. Fogelman</u>
Matthew J. Fogelman